■     In the Matter of the Claim of MARY VAUGHAN, Respondent, against BUSHWICK IRON & STEEL et al., Appellants. WORKMEN'S COMPENSATION BOARD,

Respondent.— Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board. The deceased employee was employed as a truck driver and as such he drove a truck with an enclosed cab and open back. On the morning of April 26, 1956 he began to feel chilled and ill and he called in for someone to relieve him. At about 9:30 or 10:00 A.M. the relief driver arrived and the decedent returned to the employer's plant in the open jeep which the relief driver had used. The weather was cold and rainy but there was no evidence as to how long the decedent was exposed to the rain while returning to the plant in the jeep. He arrived home at 1:30 or 2:00 P.M. that afternoon, took some aspirin and went to bed. The following day he consulted a doctor who treated him and eventually hospitalized him on May 20, 1956. On June 22, 1956 the decedent died and the cause of death was given in the hospital records as hepatoma. The board in making an award of disability and death benefits has found that the decedent developed pneumonia as a result of exposure to cold and rain while at work on April 26, 1956 and that this condition accelerated a pre-existing tumor of the liver which resulted in death. There is in this record substantial medical evidence indicating that the decedent's exposure to cold and rain caused pneumonia which accelerated the spread of a quiescent tumor resulting in death. The question presented then is whether this exposure can properly be considered an accident within the meaning of the Workmen's Compensation Law. The rule was laid down in *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153) that before a disease may be considered an accident its inception must be assignable to a determinate act identified in time and must be assignable to something catastrophic or extraordinary. This court recently pointed out that cases in which a pulmonary disease has been attributed solely to an accident "involved unusual or emergent exposures (cf. *Mater of Lerner* v. *Rump Bros., supra,* p. 156) pinpointed in each case to a particular occasion." (*Matter of Conroy* v. *Rupert Fish Co.,* 8 A D 2d 553, 554.) There is in the present case an absence of any unusual or emergent exposure which might be considered extraordinary or catastrophic. The record indicates that the disease had its inception at a time before the jeep ride in that the decedent felt chilled, ill and weak before he was relieved. The decedent was exposed to the elements in making deliveries from an open back truck and being part of the usual nature of his employment this cannot be considered as unusual or emergent exposure. The Attorney-General points to the ride in the jeep as satisfying this requirement but even assuming that the pneumonia could be found to have resulted from this exposure, it could not be considered as fulfilling the definition of an accident. Although this ride was unusual in that it was different from his normal work the decedent was nevertheless exposed to the elements at times in the normal course of his employment and there is no evidence indicating that he was exposed for any great length of time on this occasion. Furthermore, this is not such an incident as would be considered an accident by the common man. Decision and award reversed and the claim dismissed, with costs to the appellants against the board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.